# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>vs.<br><br>SAFEGUARD METALS LLC AND JEFFREY IKAHN (f/k/a JEFFREY S. SANTULAN),<br><br>Defendants. | Case No. 2:22-CV-00693 JFW (SKx)<br>Hon. John F. Walter, Crtrm 7A<br><br>**CONSENT OF DEFENDANT SAFEGUARD METALS LLC**<br><br>Complaint Filed:   Feb. 1, 2022<br>Trial Date:          Nov. 28, 2023 |

1.      Defendant Safeguard Metals LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violations of Section 10(b) [15 U.S.C. §78j (b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5] of the Securities Exchange Act of 1934 ("Exchange Act") and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] ("Advisers Act").

(b)      orders Defendant to pay disgorgement plus prejudgment interest thereon in amounts to be determined by the Court upon motion of the Commission; and

(c)      orders Defendant to pay a civil penalty under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act

[15 U.S.C. § 80b-9(e)] in an amount to be determined by the Court upon motion of the Commission.

3.      Defendant acknowledges that the civil penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant agrees that the Court shall order disgorgement of ill-gotten gains,

CONSENT OF DEFENDANT
SAFEGUARD METALS LLC                              2

prejudgment interest thereon, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from December 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Judgment on the ground, if any, exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

CONSENT OF DEFENDANT
SAFEGUARD METALS LLC                           3

1   waives any objection based thereon.

2         11.     Defendant waives service of the Judgment and agrees that entry of the Judgment by

3   the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and

4   conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days

5   after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that

6   Defendant has received and read a copy of the Judgment.

7         12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

8   against Defendant in this civil proceeding.  **Defendant acknowledges that no promise or**

9   **representation has been made by the Commission** or any member, officer, employee, agent, or

10  representative of the Commission **with regard to any criminal liability that may have arisen or**

11  **may arise from the facts underlying this action or immunity from any such criminal liability.**

12  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

13  including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

14  that the Court's entry of a permanent injunction may have collateral consequences under federal or

15  state law and the rules and regulations of self-regulatory organizations, licensing boards, and other

16  regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory

17  disqualification with respect to membership or participation in, or association with a member of, a

18  self-regulatory organization.  This statutory disqualification has consequences that are separate from

19  any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

20  before the Commission based on the entry of the injunction in this action, Defendant understands

21  that it shall not be permitted to contest the factual allegations of the complaint in this action.

22        13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e),

23  which provides in part that it is the Commission's policy "not to permit a defendant or respondent to

24  consent to a judgment or order that imposes a sanction while denying the allegations in the

25  complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial,

26  unless the defendant or respondent states that he neither admits nor denies the allegations."  As part

27  of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant: (i) will not

28  take any action or make or permit to be made any public statement denying, directly or indirectly,

CONSENT OF DEFENDANT
SAFEGUARD METALS LLC       4

1   any allegation in the complaint or creating the impression that the complaint is without factual

2   basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does

3   not admit the allegations of the complaint, or that this Consent contains no admission of the

4   allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the

5   filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that

6   they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission

7   may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing

8   in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual

9   positions in litigation or other legal proceedings in which the Commission is not a party.

10         14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small

11   Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from

12   the United States, or any agency, or any official of the United States acting in his or her official

13   capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs

14   expended by Defendant to defend against this action.  For these purposes, Defendant agrees that

15   Defendant is not the prevailing party in this action since the parties have reached a good faith

16   settlement.

17         15.    Defendant agrees to waive all objections, including but not limited to, constitutional,

18   timeliness, and procedural objections, to the administrative proceeding that will be instituted when

19   the judgment is entered.

20         16.    Defendant agrees that the Commission may present the Judgment to the Court for

21   signature and entry without further notice.

22         17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

23   purpose of enforcing the terms of the Judgment.

24

25                                       **SAFEGUARD METALS LLC**

26

27                                         By:

28                                         Jeffrey Ikahn

                                      President of Safeguard Metals LLC

[Address]

    On _____, 2023, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of _____ as its _____.

_____

Notary Public

Commission expires:

*See CA Ack attatchment — AN Notary Public*

Approved as to form:

_____

Paul Anthony Rigali (Prigali@larsonllp.com)
LARSON, LLP
555 South Flower Street, Suite 4400
Los Angeles, CA 90071

*Attorney for Defendant*

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ LOS ANGELES _____ )

On _05_/_24_/2023 _____ before me, STACEY PATINO, NOTARY PUBLIC _____
(insert name and title of the officer)

personally appeared _____ Jeffrey Ihahn _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Stacey Patino _____ **(Seal)**

STACEY PATINO
COMM. #2409380
Notary Public · California
Los Angeles County
My Comm. Expires June 28, 2026
NRO1