# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 22-693-JFW(SKx)** | Date: May 2, 2025 |

Title: Securities and Exchange Commission -v- Safeguard Metals LLC, et al.

---

**PRESENT:**
      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**  
None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING PLAINTIFF'S MOTION FOR REMEDIES [filed 4/3/25; Docket No. 66]**

      On April 3, 2025, the Securities and Exchange Commission (the "SEC") filed a Motion for Remedies ("Motion"). Defendants Safeguard Metals LLC and Jeffrey Ikahn, a/k/s Jeffrey Santulan (collectively, "Defendants") did not file an Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 5, 2025, is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

      For the reasons stated in the SEC's moving and reply papers, the Court concludes that the SEC has demonstrated that Defendants should be ordered to pay, jointly and severally, disgorgement in the amount of $25,569,303 (plus prejudgment interest) and a third-tier, one-time civil penalty of $25,569,303.[1]

      In addition, pursuant to Local Rule 7-9, Defendants were required to file and serve their Opposition or Notice of Non-Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion. *See* Local Rule 7-9. Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." *See* Local Rule 7-12. Defendants have not timely filed an Opposition to the SEC's Motion. Pursuant to Local Rule 7-12, the Court deems Defendants' failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of

---

[1] These amounts will be offset by any amount paid by Defendants to the Commodity Future Trading Commission ("CFTC") in connection with any final judgment entered in the case entitled *CFTC v. Safeguard Metals LLC, et al.*, Case No. 2:22-cv-00691-JFW (SKx).

the SEC's Motion.

      Accordingly, the SEC's Motion is **GRANTED**. The Court signs, as modified: (1) the SEC's proposed Statement of Decision Granting Its Motion for Remedies, lodged with the Court on April 23, 2025 (Docket No. 67-1); (2) the SEC's proposed Final Judgment as to Defendant Jeffrey Ikahn, lodged with the Court on April 3, 2025 (Docket No. 66-1); and (3) the SEC's proposed Final Judgment as to Defendant Safeguard Investments LLC, lodged with the Court on April 3, 2025 (Docket No. 66-1).

      IT IS SO ORDERED.