# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　Plaintiff,<br><br>vs.<br><br>SAFEGUARD METALS LLC AND JEFFREY IKAHN (f/k/a/ JEFFREY S. SANTULAN),<br><br>　　　　　Defendants. | Case No. 2:22-CV-00693 JFW (SKx)<br>Hon. John F. Walter, Crtrm 7A<br><br>**FINAL JUDGMENT AS TO DEFENDANT SAFEGUARD METALS LLC**<br><br>Complaint Filed:　Feb. 1, 2022 |

The Securities and Exchange Commission having filed a Complaint and Defendant Safeguard Metals LLC ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) and Section 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] ("Advisers Act"), by making use of the mails or any means or instrumentality of interstate commerce, in connection with the conduct of business as an investment adviser, directly or indirectly:

    (i) to employ any device, scheme or artifice to defraud any investment advisory clients or prospective clients; or

    (ii) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any such investment advisory clients or prospective clients.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with Defendant Jeffrey Ikahn, for disgorgement of $25,569,303, representing net profits gained as a result of the conduct alleged in the Complaint, to be offset against any amounts paid in restitution to the Commodity Futures Trading Commission ("CFTC") in its parallel action, *CFTC, et al. v. Safeguard Metals LLC and Jeffrey Santulan*, 2:22-cv-00691-JFW (SKx), together with prejudgment interest thereon in the amount of $4,821,263. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes, jointly and severally with Defendant Jeffrey Ikahn, a civil penalty in the amount of $25,569,303, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], to be offset against any amounts paid as a penalty to the CFTC in its parallel action. Defendant shall satisfy these obligations by paying $55,959,869 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Safeguard Metals LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

FINAL JUDGMENT AS TO DEFENDANT
SAFEGUARD METALS LLC             3

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: May 2, 2025

_____
John F. Walter
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AS TO DEFENDANT
SAFEGUARD METALS LLC                           4